UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK ARNOLD,  Case Nos. 1:20-cv-558, 1:22-cv-485
    Plaintiff,  Litkovitz, M.J.

v.

PAUL BROWN STADIUM LTD, et al.,  **ORDER**
    Defendants.

This matter is before the Court on defendant Aramark American Food Services, LLC; Aramark Aviation Services Limited Partnership; Aramark Campus, LLC; Aramark Cleanroom Services, LLC; Aramark Confection, LLC; Aramark Correctional Services, LLC; and Aramark Business Facilities, LLC's ("the Aramark defendants") motion to compel discovery. (Doc. 58). The Aramark defendants seek a Court order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling plaintiff "to provide responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, served on November 18, 2022 (a copy of which is attached hereto as Exhibit 'A')." (*Id*. at PAGEID 211).

Pursuant to the undersigned's Standing Order on Civil Procedures, motions relating to discovery may not be filed absent certain prerequisites:

> **2. Motions Relating to Discovery:** With the exception of cases involving an incarcerated pro se litigant, **this Court does not permit discovery motions,** i.e. motions to compel or motions for protective order regarding discovery disputes, **unless and until** counsel/pro se parties use the following procedure: Counsel/pro se parties must first attempt to resolve the discovery dispute by extrajudicial means. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. This Court defines "extrajudicial means" as requiring counsel/pro se parties to try to resolve the matter **both in writing and telephonically**. If counsel/pro se parties are unable to resolve the dispute between themselves, then they must contact the Courtroom Deputy, Arthur Hill, by telephone (513-564-7690), to schedule an informal discovery conference with the Court.

M.J. Karen L. Litkovitz Standing Order on Civil Procedures, § I.D.2, located at www.ohsd.uscourts.gov/FPLitkovitz (emphasis in original).

The Aramark defendants' motion to compel discovery (Doc. 58) does not comply with the undersigned's Standing Order on Civil Procedures.  There is no indication that the Aramark defendants have exhausted efforts to resolve the discovery dispute by extrajudicial means with plaintiff without the Court's intervention.  Moreover, it does not appear that the Aramark defendants requested an informal discovery conference with the Court prior to filing their motion to compel.  Thus, the Aramark defendants failed to satisfy their obligations pursuant to the undersigned's Standing Order on Civil Procedures to exhaust their extrajudicial efforts to resolve any outstanding discovery issues, *and* their obligation to request an informal discovery conference, before filing a motion to compel with the Court.

Accordingly, the Aramark defendants' motion to compel discovery (Doc. 58) is **DENIED** subject to refiling at a later date following an informal discovery conference with the Court.  If the parties are unable to resolve the discovery dispute by extrajudicial means, the parties are **ORDERED** to contact the Courtroom Deputy, Arthur Hill, by telephone (513-564-7690), to schedule an informal telephone discovery conference with the Court.

**IT IS SO ORDERED.**

Date: 9/6/2023

Karen L. Litkovitz
Chief United States Magistrate Judge