UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK ARNOLD,                                  Case Nos. 1:20-cv-558, 1:22-cv-485
    Plaintiff,                                Litkovitz, M.J.

vs.

PAUL BROWN STADIUM LTD., et al.,                 ORDER
    Defendants.

Plaintiff Derrick Arnold brings this negligence action alleging that defendants Aramark American Food Services, LLC; Aramark Aviation Services Limited Partnership; Aramark Campus, LLC; Aramark Cleanroom Services, LLC; Aramark Confection, LLC; Aramark Correctional Services, LLC; and Aramark Business Facilities, LLC (hereinafter collectively referred to as "Aramark") breached their duty of care when an Aramark employee pushed a rolling cart into plaintiff's leg, injuring him. (Doc. 1-1). This matter is before the Court on defendants' motion for summary judgment (Doc. 66), plaintiff's memorandum in opposition (Doc. 73), and defendants' reply memorandum (Doc. 75). For the reasons that follow, the motion is granted.

**I. Background and Procedural History**

This lawsuit arises out of an incident that occurred at the Paul Brown Stadium on July 27, 2019, while plaintiff was attending a music festival with his wife. On May 14, 2020, plaintiff filed his first complaint against Paul Brown Stadium Ltd. and The Santangelo Group, Inc., in the Jefferson Circuit Court of Kentucky, arising out of events occurring at Paul Brown Stadium in Cincinnati, Ohio on July 27, 2019. (Doc. 1-1). Notably, the Aramark defendants were not

referenced anywhere in the initial complaint. *Id.* Defendants Paul Brown Stadium Ltd. and The Santangelo Group, Inc. removed the civil action to the United States District Court for the Western District of Kentucky, which subsequently transferred the matter to the Southern District of Ohio pursuant to the agreed order to transfer venue. (Docs. 9, 10).

Plaintiff's second complaint was filed against Aramark American Food Services, LLC, and related Aramark entities, and stemmed from the same July 2019 incident giving rise to the first lawsuit. *See Arnold v. Aramark Am. Food. Servs., LLC*, Case. No. 3:21-cv-554 (W.D. Ky.). The complaint against Aramark is nearly identical to the one filed against Paul Brown Stadium Ltd. and Santangelo Group, Inc. (Case No. 1:22-cv-485 (S.D. Ohio) (Doc. 12)). On August 19, 2022, the Western District of Kentucky transferred the matter to the Southern District of Ohio under 28 U.S.C. § 1404(a) pursuant to the agreed order to transfer venue. (Case No. 1:22-cv-485 (S.D. Ohio) (Doc. 10)). The case against defendants Paul Brown Stadium Ltd. and The Santangelo Group, Inc., and the case against Aramark, were consolidated under Case No. 1:20-cv-558 on December 27, 2022, pursuant to Fed. R. Civ. P. 42(a). (Doc. 45). Defendants Paul Brown Stadium Ltd. and The Santangelo Group, Inc. were later dismissed from the complaint under an agreed order of dismissal with prejudice on June 12, 2024. (Doc. 72).

Plaintiff's complaint against Aramark alleges that he was an "invitee" on the defendants' premises while attending a music festival at Paul Brown Stadium on July 27, 2019. (Case No. 1:22-cv-485 (S.D. Ohio) (Doc. 12)). Plaintiff further alleges that he sustained injuries resulting from the defendants' "negligen[ce] in their operation, maintenance, and oversight of the premises." *Id*. The complaint appears on its face to be alleging a premises liability theory of negligence, as plaintiff alleges in the complaint that he was an "invitee, legally on a premises where the Defendants' had control of the property. . . ." (Case No. 1:22-cv-485 (S.D. Ohio)

2

(Doc. 12 at PAGEID 6)). Plaintiff then offers a legal conclusion that "defendants were negligent in their operation, use, maintenance, and oversight of the premises." *Id.*

Prior to the consolidation of the cases, counsel for defendants Paul Brown Stadium Ltd. and The Santangelo Group, Inc. deposed plaintiff, wherein he stated his alleged injuries occurred when he was struck in the leg by an unidentified person pushing a rolling cart. (Doc. 65-1 at PAGEID 303). Plaintiff also testified in his first deposition that he was uncertain who the person pushing the cart was employed by, but suggested they could be an employee of "Paul Brown" or a "vendor." (Doc. 65-1 at PAGEID 346). Plaintiff described the person pushing the cart as wearing black trousers and a burgundy shirt with unknown writing. (Doc. 65-1 at PAGEID 304). Plaintiff stated the shirt may have had a "Paul Brown logo or name on it," but he was not certain. (Doc. 65-1 at PAGEID 304).

On April 30, 2024, plaintiff was deposed by counsel for defendants Aramark and Paul Brown Stadium Ltd., and initially denied knowing which entity employed the alleged tortfeasor. (Doc. 65-3 at PAGEID 496, 503). Plaintiff later changed his testimony during examination by his own counsel, stating that first responders at the scene on the date of the incident identified the alleged tortfeasor as working for Aramark. (Doc. 65-3 at PAGEID 539). Plaintiff repeated this contradictory testimony during rebuttal by counsel for defendants Aramark (Doc. 65-3 at PAGEID 542) and Paul Brown Stadium Ltd. (Doc. 65-3 at PAGEID 547-50). It is not entirely clear from plaintiff's conflicting deposition testimony which first responder identified the alleged tortfeasor as an Aramark employee, the law enforcement officer or the personnel rendering medical aid to plaintiff at the scene. (Doc. 65-3 at PAGEID 539, 542, 548, 556, 559, 561, 566).

**II. Summary Judgment Standard**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at

4

322. In determining if there is a genuine dispute as to a material fact, all evidence in the record is viewed in the light most favorable to the nonmoving party, with all reasonable inferences drawn to that party's benefit. *Combs v. Int'l Ins. Co.,* 354 F.3d 568, 576-77 (6th Cir. 2004). To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The movant can carry its burden by showing that the non-moving party lacks evidence to support an *essential element* of its case. *Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993); *see also Asbury v. Teodosio*, 412 F. App'x 786, 791 (6th Cir. 2011) (stating that the movant "need only demonstrate an absence of a genuine issue of material fact with regard to any *one element* of the plaintiff's prima facie case.") (emphasis added) (citing *Celotex*, 477 U.S. at 322-23).

    The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona*, 391 U.S. at 288-89). The non-moving party's failure to establish the existence of an essential element of the claim, upon which that party bears the burden of proof during trial, will "render[] all other facts immaterial" and entitle the movant to a judgment as a matter of law. *Celotex Corp*, 477 U.S. at 322-23; *see also Fredrick v. Bosley,* No. 1:14-cv-631, 2016 WL 4062095, at *3 (S.D. Ohio July 29, 2016) (noting that in the context of a negligence case, the failure of the plaintiff to prove an element of negligence entitles the defendant to judgment as a matter of law).

**III. Analysis**

Defendants assert three bases for summary judgment against plaintiff: (1) plaintiff failed to offer evidence to support a negligence claim; (2) plaintiff's conflicting statements about his knowledge of Aramark being the alleged tortfeasor's employer equates to a "sham" affidavit; and (3) the statements of the first responders are inadmissible hearsay and cannot be considered evidence for summary judgment purposes. (Doc. 66 at PAGEID 606, 611-20).

**A. Failure to Proffer Evidence to Support a Negligence Claim**

Establishing an actionable negligence claim in Ohio requires a showing by the plaintiff that (1) the defendant owed the plaintiff a duty of care; (2) the duty was breached, and (3) injury resulted from that breach. *Jeffers v. Olexo*, 539 N.E.2d 614, 616 (Ohio 1989); *see also Fredrick*, 2016 WL 4062095, at *3. When a defendant challenges a plaintiff's ability to prove any of the essential elements of a negligence claim on summary judgment, it is the plaintiff's burden to direct the court's attention to specific, triable facts that substantiate the existence of the challenged element. *Celotex Corp*, 477 U.S. at 322-23; *see also Fredrick*, 2016 WL 4062095, at *3. Failure by the plaintiff to do so in accordance with Fed. R. Civ. P. 56 entitles the defendant to summary judgment. *Id*.

Establishing the existence of a duty is essential to proving a negligence claim. *Jeffers*, 539 N.E.2d at 616. Absent the existence of a duty, there can be no finding of legal liability for negligence against the defendant. *Id*. In Ohio, failure to exercise ordinary care in "doing or failing to do something will not amount to actionable negligence unless such person owed to someone injured by such failure a duty to exercise ordinary care." *Rogers v. Restore Contracting, Inc.,* No. 2:22-cv-3231, 2024 WL 963670, at *4 (S.D. Ohio Mar. 5, 2024) (quoting *Snay v. Burr*, 189 N.E.3d 758, 762 (Ohio 2021)). Determining whether a duty exists turns on the

6

relationship between the parties and how foreseeable the injury was to a "reasonably prudent person" similarly situated to the defendant such that the defendant should have anticipated the circumstances under which the plaintiff was injured. *Jeffers*, 539 N.E.2d at 618; *see also Fredrick*, 2016 WL 4062095, at *3.

Defendants assert in their motion that plaintiff cannot establish the first element of negligence: the existence of a duty. (Doc. 66). Plaintiff does not specifically address the elements of negligence in his response to defendants' motion for summary judgment, including failing to assert the existence of a duty by Aramark. (Doc. 73). To withstand summary judgment, plaintiff must introduce evidence creating a genuine issue of fact as to whether the Aramark defendants owed him a duty of care. As explained below, plaintiff has not met his burden of producing evidence showing a genuine dispute as to the duty element of his negligence claim under either potential theory of "duty" raised by plaintiff's complaint.

1. <u>Premises Liability Theory</u>

In Ohio, determining whether a defendant had a duty to keep the premises safe is determined by the amount of control that the defendant exercised over the premises and to what extend the defendant possessed the power to admit or exclude people. *Qiusha Ma v. Bon Appetit Mgmt. Co.*, 785 F. App'x 293, 296 (6th Cir. 2019); *see also Darago v. Live Nation Ent., Inc.*, 555 F. Supp. 3d 519, 536 (N.D. Ohio 2021) (finding that musicians possessed no power to admit or exclude people from their performance venue and therefore could not be held liable under a premises liability theory). Mere occupation of an area of the premises does not create a duty of care to all business invitees. *See Qiusha*, 785 F. App'x at 295-96.

Plaintiff alleges in the complaint that he was an "invitee, legally on a premises where the Defendants' had control of the property" (Case No. 1:22-cv-485 (S.D. Ohio) (Doc. 12 at

PAGEID 6)) and states in his response to the summary judgment motion that this case "arises out of a premises liability accident." (Doc. 73 at PAGEID 1350).

Although plaintiff claims he was an Aramark invitee at the time of the incident, plaintiff has not pointed to any evidence showing defendants owned the property where the alleged injury occurred, exercised any degree of control over the premises at the time of the alleged incident, or possessed the power to admit or exclude people. (Doc. 73). Absent this showing, plaintiff has not pointed to proof of an essential element of negligence under a theory of premises liability: control over the premises. *Qiusha Ma*, 785 F. App'x at 296.

2. Respondeat Superior Theory

An employer can be held vicariously liable for the tortious actions of its employee when: 1) an employee/employment relationship exists; and 2) the behavior giving rise to the action was within the scope of employment. *Equity Res., Inc. v. Thoman*, 682 F. Supp. 3d 707, 726 (S.D. Ohio) (citing *Keller N. Am., Inc. v. Earl*, No. 1:20-cv-2401, 2021 WL 3737915, at *3 (N.D. Ohio Aug. 24, 2021)). Additionally, to hold the employer vicariously liable, the actions of the employee must have been in service to the employer and not an intentional tort committed by the employee. *Byrd v. Faber*, 565 N.E.2d 584, 587 (Ohio 1991). Employers may be found vicariously liable for the torts of their employees but not for independent contractors over whom they retain no right to control the mode and manner of contracted-for work. *Clark v. Southview Hosp. & Fam. Health Ctr.*, 628 N.E.2d 46, 48 (Ohio 1994) (citing *Councell v. Douglas*, 126 N.E.2d 597, 599-600 (Ohio 1955)). When determining whether a relationship is that of an employee/employer or independent contractor, Ohio courts utilize the following test: "Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for? If he did, the relationship is that of principal and agent or master and servant. If

he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor." *Moore v. Scott*, No. 1:18-cv-261, 2018 WL 6025572, at *2 (S.D. Ohio Nov. 16, 2018) (quoting *Councell*, 126 N.E.2d at 598).

Plaintiff claims in his response to defendants' summary judgment motion that he alleged "both in the complaint and in discovery" that the person operating the cart was an Aramark employee, but this statement is not entirely accurate. (Doc. 73 at PAGEID 1351). Plaintiff's complaint does not contain any references to the injuries being caused by an Aramark employee, and in fact, does not even reference the alleged tortfeasor described later in plaintiff's depositions. (Case No. 1:22-cv-485 (S.D. Ohio) (Doc. 12)). Plaintiff's response does point to statements from his second deposition where he stated he was told by first responders at the scene that the alleged tortfeasor was employed by Aramark. (Doc. 73 at PAGEID 1350-51).

However, as discussed *infra*, plaintiff's evidence connecting the alleged tortfeasor to Aramark consists solely of inadmissible hearsay statements by first responders. *Id.* Further, the alleged statements are vague, and plaintiff does not point to anything in the record to indicate that the first responders knew enough about Aramark operations to differentiate between an Aramark employee and an independent contractor for Aramark. (Doc. 65-3 at PAGEID 539, 542). Plaintiff himself even used the terms "contracted" and "employed" interchangeably to describe the relationship between the alleged tortfeasor and the entity he was working for. (Doc. 65-1 at PAGEID 346; Doc. 65-3 at PAGEID 496, 503, 560).

Because an employment relationship is an essential element of a negligence claim under respondeat superior, and plaintiff has failed to present or point to any admissible evidence showing the alleged tortfeasor was an employee of Aramark, plaintiff has failed to create a genuine issue of fact on his negligence claim under a theory of respondeat superior.

### B. Sham Affidavit

Defendants argue that plaintiff's contradictory testimony at the end of his second deposition represents a "sham issue of fact" and should be inadmissible under the "sham affidavit doctrine." (Doc. 66 at PAGEID 641-15). Defendants cite to *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) and *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006) in support of their argument. Plaintiff does not address this argument in his response. (Doc. 73).

It is accepted that parties may not attempt to create a "genuine issue of material fact" by filing an affidavit contradicting deposition testimony after a motion for summary judgment has been filed. *U.S. v. Atlas Lederer Co.*, 97 F. Supp. 2d 834, 838 (S.D. Ohio 2000) (citing *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986)). When a "directly contradictory affidavit" is filed in opposition to summary judgment, the affidavit "should be stricken" unless the filing party provides "persuasive justification for the contradiction." *Aerel*, 448 F.3d at 908. Courts should consider affidavits that do not directly contradict deposition testimony or "attempt to create a sham fact issue." *Id*. (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). Relevant factors in determining whether the affidavit attempts to create a "sham fact issue" include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion [that] the affidavit attempts to explain." *Id*. at 909 (quoting *Franks*, 796 F.2d at 1237).

Here, plaintiff has not presented a contradictory affidavit with his response to defendants' motion for summary judgment, and his contradictory testimony is limited to testimony that occurred before the filing of defendants' motion. (Doc. 73; Doc. 65-1; Doc. 65-3). This Court

10

addressed a similar scenario in *Hernandez-Butler v. Ikea U.S. East, LLC*, 435 F. Supp. 3d 816 (S.D. Ohio 2020), where a witness' second deposition testimony contradicted the first and the defendant, also relying on the decision in *Aerel*, argued that the contradiction "render[ed] his testimony unfit for consideration at the summary judgment stage." *Id*. at 833. This Court found that the contradictory testimony could be considered at the summary judgment stage because it was first introduced in a deposition and not in conjunction with the plaintiff's response to the summary judgment motion. *Id*. This Court further noted that in *Aerel*, the Sixth Circuit was concerned with potential unfairness to the moving party if the non-movant were to present contradictory evidence for the first time in their response to the summary judgment motion. *Id.* at 833-34 (citing *Aerel*, 448 F.3d at 906-09).

Like in *Hernandez-Butler*, both of plaintiff's depositions in this case were taken prior to the summary judgment motion being filed, and the defendants were not disadvantaged when drafting their motion. (Doc. 66; Doc. 65-1; Doc. 65-3). Accordingly, plaintiff's contradictory testimony does not constitute a "sham affidavit" for summary judgment purposes.

**C. First Responder Statements are Inadmissible Hearsay**

Defendants argue that statements by first responders about the alleged tortfeasor being an Aramark employee are inadmissible hearsay and cannot be considered at the summary judgment stage. (Doc. 66 at PAGEID 620). Plaintiff argues that inadmissible hearsay statements can be considered so long as they are capable of being "converted into admissible evidence" at trial. (Doc. 73 at PAGEID 1352).

Plaintiff cites an Eleventh Circuit case, a District of Columbia Circuit case, and a district court case from the Eastern District of Michigan for the proposition that a non-movant may rely on non-admissible hearsay evidence to defeat a summary judgment motion. (Doc. 73 at

11

PAGEID 1352). However, in the Sixth Circuit, "[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded." *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *U.S. Structures, Inc. v. J.P. Structures*, *Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)). While it is true that the nonmoving party is not required to "produce evidence in a form that would be admissible at trial," *see Celotex Corp. v. Catrett*, 477 U.S. at 324, the burden is on the party proffering the evidence to "show that the material is admissible as presented or to explain the admissible form that is anticipated." *Warren v. Hollingsworth Mgmt. Servs., LLC*, No. 22-1064, 2022 WL 18542504, at *2 (6th Cir. Dec. 19, 2022) (citing Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment). In other words, if the statements are inadmissible hearsay, the non-movant must describe how the evidence could be rendered admissible at trial. *Id*. The non-movant must demonstrate that he "*can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (emphasis in the original). Defendants also point to this Court's decision in *Longino v. City of Cincinnati*, No. 1:12-cv-424, 2013 WL 2424253 (S.D. Ohio June 4, 2013), where evidence in the plaintiff's response to summary judgment was not considered because the plaintiff "failed to assert that the proffered statement is admissible under any exception to the hearsay bar." *Id.* at *5.

     Here, plaintiff's response contains no assertions about how the inadmissible hearsay from the alleged first responders could be rendered admissible under an exception to the hearsay rule, nor does it introduce the content of the declarant's statement in an admissible form. (Doc. 73). In fact, plaintiff only states that the hearsay testimony "can be reduced to an admissible form at trial." (Doc. 73 at PAGEID 1353). Further, the inadmissible hearsay is the only evidence

proffered by plaintiff in support of his opposition to defendants' motion for summary judgment. (Doc. 73). Given plaintiff's failure to point to a hearsay exception that would render the first responder statements admissible at trial, the statements cannot be considered at the summary judgment stage.

## IV. Conclusion

In looking at the facts in the light most favorable to plaintiff, the Court finds that a genuine issue of material fact has not been raised by plaintiff in response to defendants' motion for summary judgment. Plaintiff has failed to show a genuine issue of factual dispute on an *essential element* of a negligence action: whether defendants owed a duty to plaintiff, sufficient to establish a prima facie case of negligence. Further, plaintiff has failed to make a showing sufficient to establish the existence of an element essential to that party's case under both negligence theories of premises' liability and respondeat superior. Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED THAT:**

Defendants' motion for summary judgment (Doc. 66) is **GRANTED**.

Date: 9/12/2024

Karen L. Litkovitz
Chief United States Magistrate Judge